UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
EAU CLAIRE DIVISION

| | |
|---|---|
| TARA L. STUGELMEYER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-00606 |
| I.Q. DATA INTERNATIONAL, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Tara L. Stugelmeyer ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of I.Q. Data International, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Wisconsin..

### PARTIES

1

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a third party debt collection service with its principal place of business located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the state of Wisconsin.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the conduct giving rise to this action, Plaintiff resided and rented an apartment unit.

8. With the approval of her landlord, Plaintiff terminated her lease on December 1, 2016.

9. Plaintiff received an email from her landlord on December 1, 2016 that explicitly stated, "Per your request, your lease end date is today. You are only paying rent through today."

10. In early 2017, Plaintiff began receiving collection phone calls to her cellular phone number (612) XXX-7211 from Defendant attempting to collect upon an allegedly defaulted debt related to her apartment ("alleged debt").

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7211. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant and was told the Defendant was attempting to collect upon the alleged debt.

13. Upon learning this, Plaintiff informed Defendant that she did not owe the alleged debt and demanded Defendant stop calling her.

14. Plaintiff was perplexed by Defendant's phone calls because the alleged debt Defendant was attempting to collect upon was amassed after the date Plaintiff's lease ended.

15. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued its phone harassment campaign without Plaintiff's consent.

16. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone and work phone from early 2017 through the present day.

17. Defendant intentionally harassed and abused Plaintiff by calling with such frequency as can be reasonably expected to harass.

18. The phone number that Defendant most often uses to contact Plaintiff is (612) 254-1175, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

27. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

30. Defendant violated 15 U.S.C. §§1692d, d(5), and e through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

   a. **Violations of FDCPA § 1692d**

31. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the alleged debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling her and informed Defendant that she did not owe the alleged debt.

32. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were not welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from early 2017 through the present day without her consent.

    b. **Violations of FDCPA §1692e**

33. Defendant violated §1692e and e(10) by using false, deceptive, and misleading representations in connection to the collection of the alleged debt. Defendant misleadingly continued to attempt to collect upon the alleged debt after Plaintiff informed Defendant that she did not owe the alleged debt and she wanted the calls to cease. Defendant falsely represented that it could continue to place frequent collection calls to Plaintiff to attempt to collect upon a debt she did not owe. These deceptive means were used in hopes that she would succumb to Defendant's deceptive tactics and make a payment on the alleged debt, even though she did not owe it.

34. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

35. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff TARA L. STUGELMEYER respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 30, 2020                                Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com